IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALEB ANDREW FITZGERALD, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:23-272 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| PENNSYLVANIA BOARD OF ) | |
| PROBATION AND PAROLE and ) | |
| SCOTT KLINEFELTER, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

Pending before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF 6) filed by Caleb Andrew Fitzgerald under 28 U.S.C. § 2254 in which he challenges the decision of the Pennsylvania Board of Probation and Parole ("Board") about whether to release him on parole. For the reasons set forth below, the Court will dismiss the Petition because it is moot and deny a certificate of appealability.

**I.      Relevant Background**

In 2022, the Court of Common Pleas of Armstrong County sentenced Fitzgerald to a term of 24 to 48 months of imprisonment on convictions of receiving stolen property and resisting arrest. His minimum sentence date was April 30, 2023.

In May 2023, the Board issued a decision denying Fitzgerald parole. (ECF 11-4.) He challenged the Board's decision in a petition he filed with the Commonwealth Court of Pennsylvania. That court subsequently dismissed that petition as improperly filed but noted that

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Fitzgerald could file another petition in its original jurisdiction to challenge the Board's alleged reliance on incorrect information in making its parole decision. (ECF 11-5.)

Fitzgerald did not seek additional relief in state court. Instead, he filed the instant Petition for a Writ of Habeas Corpus with this Court in which he challenges the Board's decision to deny him parole. At the time, the DOC was housing him at SCI Houtzdale. As relief, Fitzgerald sought an order from this Court directing that he be immediately released from confinement.

Respondents filed an Answer (ECF 11) in which they assert that Fitzgerald is not entitled to habeas relief because he did not exhaust his available state court remedies and also because the Board did not violate his due process rights, or any other constitutional right, when it denied him parole in May 2023. (ECF 11.)

Thereafter, Respondents filed an Addendum to their Answer (ECF 17) in which they notified the Court that the Board had granted Fitzgerald parole in a decision dated July 8, 2024. In that decision, the Board directed that Fitzgerald was to be paroled "on or after" October 25, 2024. (ECF 17-1.) Thus, Respondents contend, the Petition is now moot.

A review of the Pennsylvania Department of Corrections' online Inmate and Parolee Locator, which is available at https://www.pa.gov/en/agencies/cor/inmate-parolee-locator.html and of which this Court takes judicial notice, confirms that Fitzgerald has been released to parole.[2]

**II.    Discussion**

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013)

---

[2] Fitzgerald has not updated his address of record. Therefore, the Court will mail this Memorandum and accompanying final order to his address of record at SCI Houtzdale, since that is the last known address he provided to the Court.

2

(citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990), which cited *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78).

Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. *Id.* at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). That is the case here. Fitzgerald is no longer incarcerated. He was granted parole in July 2024 and was released to parole in October 2024. Accordingly, there is no relief that this Court can provide to him and this habeas case is now moot. *Spencer*, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

### III.    Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner. It provides that "[u]nless a circuit justice

or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Fitzgerald is not entitled to a certificate of appealability because jurists of reason would not find it debatable that all of his claims should be dismissed as moot. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.  Conclusion

Based on all of the foregoing, the Court will dismiss the Petition because it is moot and deny a certificate of appealability. An appropriate Order follows.


Dated: October 31, 2024              /s/ Patricia L. Dodge
                                     PATRICIA L. DODGE
                                     United States Magistrate Judge